For the reasons stated, the protest is overruled and judgment will be entered for the defendant.

(C.D. 3582)

Douglas Aircraft Company, Inc. *v*. United States

United States Customs Court, Second Division

(Decided October 7, 1968)

*Glad & Tuttle* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

Before RAO and FORD, Judges

FORD, Judge: The cases listed in schedule "A," attached hereto and made a part hereof, have been submitted on a written stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto, subject to the approval of the court:

That the items marked "A" and initialed SJS (Import Specialist's Initials) by Import Specialist Sadami J. Sako (Import Specialist's Name) on the invoices covered by the protests and entries enumerated in Schedule "A", attached hereto and made a part hereof, and assessed with duty at either 17½ per cent ad valorem under Item 685.90 TSUS or 12½ per cent ad valorem under Item 686.10 TSUS, consists of electrical automatically-controlling devices not containing resistors which are claimed properly classifiable under Item 712.50 at 12 per cent ad valorem.

IT IS FURTHER STIPULATED AND AGREED that said protests be submitted on this stipulation, the same being limited to the items marked "A" as aforesaid.

Accepting the foregoing stipulation of fact, we find and hold that the items of merchandise marked "A" and initialed on the invoices by the designated import specialist consists of electrical automatically-controlling devices not containing resistors. Therefore the claim in the protests that said merchandise is properly dutiable at the rate of 12 per centum ad valorem under the provisions of item 712.50, Tariff Schedules of the United States, is sustained.

Judgment will be entered accordingly.